UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| SHIRLONDA PORTER, | ) | Case No.: 1:17 CV 963 |
| Plaintiff | ) | |
| v. | ) | JUDGE SOLOMON OLIVER, JR. |
| COMMISSIONER OF SOCIAL SECURITY, | ) | |
| Defendant | ) | ORDER OF REMAND |

Plaintiff Shirlonda Porter ("Plaintiff") appeals the Acting Commissioner of Social Security's ("Commissioner") final decision denying her application for Supplemental Security Income ("SSI"). (Compl., ECF No. 1.) Porter asserts the following assignments of error:

> (1) The Administrative Law Judge ("ALJ") erred in finding that Ms. Porter's hand limitations are not severe impairments.
> (2) The ALJ's assessment of Residual Functional Capacity ("RFC") it not supported by substantial evidence.
> (3) New and material evidence exists and requires remand for additional evaluation of Ms. Porter's hand impairments and back pain and assessment of residual functional capacity.

(Report and Recommendation ("R&R") 2, ECF No. 14.) The Commissioner argued that substantial evidence supported the ALJ's step two finding because the ALJ "considered Porter's claims of hand numbness and difficulty writing and properly found that her allegations were not supported by the record." (*Id*. at 21.) The Commissioner also asserted that any error was harmless "because the ALJ determined Porter had several severe impairments at step two and proceeded at step four to consider the combined effects of all her impairments in formulating the RFC, including Porter's hand impairments." (*Id*.)

On March 2, 2018, Magistrate Judge Jonathan D. Greenberg ("Judge Greenberg") submitted an R&R, recommending that the Commissioner's final decision be vacated and the matter remanded for further consideration consistent with the R&R. (ECF No. 14.) First, Judge Greenberg determined that Porter's first assignment of error is without merit because "the ALJ considered Porter's hand impairments at later steps in the decision and, therefore, any error at step two is harmless." (R&R 25.) Second, Judge Greenberg determined that the ALJ's RFC is not supported by substantial evidence because "the inconsistencies in the ALJ's treatment of Dr. Assaf's opinion hinders the Court's ability to engage in meaningful review of the ALJ's RFC assessment," and recommended remand "to allow the ALJ to articulate a meaningful analysis of the medical and opinion evidence at step four." (R&R 31.) Finally, because remand was found to be warranted under sentence four, Judge Greenberg did not need to determine whether the new evidence presented by Porter was sufficient to warrant remand under sentence six. (*Id.* at 36.) However, Judge Greenberg recommended that,

> On remand, [the] ALJ should consider whether the above records submitted by Porter to the Appeals Council regarding her treatment for back and hand pain (including the January 2016 MRI of her thoracic spine), as well as any other pertinent records, relate back to the time period under consideration, in making her decision about whether Porter retains the capacity to perform the physical functions currently set forth in the RFC.

(*Id.*)

On March 14, 2018, the Commissioner filed a response indicating that it offered no objection to the R&R. (Response, ECF No. 15.) When no objection has been filed, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72(b) advisory committee's note; *see also Thomas v. Arn*, 474 U.S. 140, 150 (1985)

-2-

("It does not appear that Congress intended to require the district court review of a magistrate[] [judge's] factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings.").

After careful review of Judge Greenberg's R&R, and all other relevant documents in the record, the court finds no clear error. Accordingly, the court adopts as its own Judge Greenberg's R&R (ECF No. 14) in its entirety and hereby vacates the Commissioner's final decision, and remands the case for further consideration consistent with the R&R.

IT IS SO ORDERED.

/s/ *SOLOMON OLIVER, JR.*
UNITED STATES DISTRICT JUDGE

April 26, 2018